UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

KARL G. BARTON
           Plaintiff,

v                                                     Civil Action No.
                                                     Hon.

ANN ARBOR CITY HALL et al,
ANN ARBOR CITY POLICE
DEPARTMENT et al,
WASHTENAW COUNTY et al.
WASHTENAW COUNTY
PROSECUTOR.
           Defendants.
_____/        **COMPLAINT**
                                                 **JURY TRIAL DEMAND**

Daren Wiseley (P85220)
Attorney for Plaintiff
41 ½ E. bacon St.
Hillsdale, MI 49242
517-234-4020
dwise@defendyourrights.law

---

*There is no other pending or resolved civil action arising out of the transactions or occurrences alleged in this complaint.*

**NOW COMES** the Plaintiff, **KARL BARTON**, by and through his attorney, Daren A. Wiseley, and together bring this Complaint against the above-named Defendants, their employees, agents, and successors in office. Plaintiff alleges the following facts in support of this complaint herein based on information and belief:

1. Plaintiff owns property in the City of Ann Arbor and pays city taxes.

2. Plaintiff requested, via a Freedom of Information Act (FOIA), a copy of the Ann Arbor Police Department's (AAPD) policies and procedures that were available to the public, and received a copy on May 14, 2021, with 45 policies and procedures listed.

3. Plaintiff, as a concerned citizen simply asked the AAPD to post the policies and procedures he had received a copy of on the AAPD public website.

4. From June 2021 to present, Plaintiff had multiple email communications with multiple individuals within the Ann Arbor City government, the Ann Arbor Police Department, Washtenaw County employees, and elected city officials trying to get the released policies and procedures listed on the website open to the public.

5. Plaintiff was not getting any straight answers from any of the elected officials, city employees, or county employees.

6. Plaintiff appeared before the Ann Arbor City Council and made his requests part of the public forum.

7. On about April 7, 2022, Plaintiff participated in an online meeting that was sponsored by the AAPD to discuss police complaints and FOIA requests. The AAPD claimed it was doing an amazing job with transparency.

8. It was in this meeting that the Assistant Chief of Police said that if Plaintiff did not like how the police were releasing their Policies and Procedures online, Plaintiff needed to contact the City Administrator.

9. On April 11, 2022, Plaintiff went to Larcom City Hall to try and set up a meeting with the City Administrator. Plaintiff was denied, by Sara Higgins, Assistant City Administrator, the option of making an appointment with the City Administrator.

10. Plaintiff wanted to file a complaint against Sara Higgins. The guest services representative, Loretta Rush, told Plaintiff that to file a complaint for being denied an opportunity to make an appointment with the City Administrator, Plaintiff would have to file a complaint with the AAPD.

11. Plaintiff had other business in Larcom City Hall that day.  When Plaintiff proceeded with his other business, he was followed closely by multiple AAPD uniformed officers.  At no time did the officers disclose why they were following Plaintiff. At one point Plaintiff was cornered in the stairwell with the officers.

12. On April 12, 2022, Plaintiff returned to Larcom City Hall and was given access to every floor without incident and was not followed by AAPD officers.

13. Plaintiff returned to Larcom City Hall on April 22nd, 2022, and to his surprise was denied access to the fifth floor.  Plaintiff requested to know the reason why.  John Fournier, Deputy City Administrator, and John Reiser, Assistant City Attorney, met with Plaintiff but refused to give any specific reason as to why his in-person access to city services were being denied.

14.  Plaintiff attempted to file complaints on various actors for the denial of Plaintiff's direct in-person services.  Plaintiff requested what procedure was available to appeal this decision and how he could confront his accusers and have access to any exculpatory evidence for a defense.  No procedure was available, and Plaintiff was essentially denied due process.

15.  On August 30, 2022, Plaintiff went to Larcom City Hall for an open scheduled public meeting.  While waiting for the meeting to start, Plaintiff was confronted by AAPD officers who served Plaintiff with a Notice of Trespass.  Plaintiff asked why he was being

served the notice and Officer Reid stated it was at the request of the City Attorney. The trespass notice was not properly served.

16. Plaintiff attempted to file complaints against the officers, but his attempts were disregarded. Plaintiff encountered many AAPD officers during these attempts at redress, in which the AAPD violated several of their stated policies and procedures.

17. After Plaintiff was served the Notice of Trespass, he contacted the City of Ann Arbor to find out why he was served. Plaintiff was told that the trespass order was issued on April 11, 2022, at the request of the City Attorney. The April 11th, 2022, date is totally inconsistent with the actions and words from the various city employees, including John Fournier and John Reiser.

18. Plaintiff entered the Larcom City Hall multiple times between April 11, 2022, and August 30, 2022 without incident. Plaintiff was never informed he was being trespassed nor was he escorted off the property by any of the multiple AAPD officers that were present.

19. Plaintiff continued to pursue whatever remedies or actions he could to the trespass order but was denied an explanation, nor was he provided an independent process by which he could challenge the order.

20. On January 31, 2023, Plaintiff was charged with three (3) misdemeanor charges, signed by the Washtenaw County Prosecutor, for actions that allegedly happened on August 11, 2022.

21. These charges were clearly in retaliation for Plaintiff's tenacity in trying to get the AAPD policies and procedures posted to the community and to Plaintiff trying to get answers to

his inquiries and complaints against various elected officials, city, and county employees, and AAPD officers.

22. Plaintiff received responses from the AAPD on February 3, 2023, on his complaints against the command staff and officers. Some of the allegations Plaintiff made were sustained and others were denied. The AAPD acknowledged, after their internal investigation, that other policies were also not being followed.

23. February 21, 2023, the three (3) misdemeanor charges were dropped by the Washtenaw County Prosecutor.

## Allegations

1. This action arises under 42 USC 1983. Jurisdiction is conferred by 28 USC 1331, 1343(a)(3), and (4).

2. Plaintiff is a resident of Washtenaw County, Michigan.

3. Defendant **Christopher Taylor** is a resident of **Washtenaw County**, Michigan, and at all material times was the elected Mayor of the City of Ann Arbor, Michigan.

4. Defendant **John Fouriner,** a resident of **Washtenaw County,** Michigan and at all material times was Deputy City Administrator for the City of Ann Arbor.

5. Defendant **Michael J. Pettigrew,** a resident of **Washtenaw County,** Michigan, and at all material times was the City Treasurer, Service Desk for the City of Ann Arbor.

6. Defendant **Lisa Jackson** is a resident of **Washtenaw County**, Michigan, and at all material times was the Independent Community Police Oversight Commission (ICPOC) as the Chair**,** for the City of Ann Arbor.

7. Defendant **Leslie Stambaugh,** a resident of **Washtenaw County,** Michigan, and at all material times was the Chair of the Human Rights Commission, for the city of Ann Arbor

5

8. Defendant **Diana Cass,** a resident of **Washtenaw County,** Michigan, and is now the current commissioner on the Human Rights Commission for the City of Ann Arbor, Michigan.

9. Defendant **Jen Eyer** is a resident of **Washtenaw County**, Michigan, and at all material times was an elected City Council member of the City of Ann Arbor, Michigan.

10. Defendant **Elizabeth Nelson** is a resident of **Washtenaw County**, Michigan, and at all material times was an elected City Council member of the City of Ann Arbor, Michigan.

11. Defendant **Linh Song** is a resident of **Washtenaw County**, Michigan, and at all material times was an elected City Council member of the City of Ann Arbor, Michigan.

12. Defendant **Amy Cervantes** is a resident of **Washtenaw County**, Michigan, and at all material times was an employee of the AAPD, City of Ann Arbor, Michigan.

13. Defendant **Matt Thomas** is a resident of **Washtenaw County**, Michigan, and at all material times was the Associate City Attorney for the City of Ann Arbor, Michigan.

14. Defendant **John Reiser** is a resident of **Washtenaw County**, Michigan, and at all material times was the Assistant City Attorney for the City of Ann Arbor, Michigan.

15. Defendant **Gregory Dill,** a resident of **Washtenaw County,** Michigan, and at all material times was the Washtenaw County Administrator in the City of Ann Arbor.

16. Defendant **John Dunlap** is a resident of **Washtenaw County**, Michigan, and at all material times was a Lieutenant at the AAPD, City of Ann Arbor, Michigan.

17. Defendant **Bonnie Theil** is a resident of **Washtenaw County**, Michigan, and at all material times was a Detective Lieutenant at the AAPD, City of Ann Arbor, Michigan.

18. Defendant **Christ Garrett** is a resident of **Washtenaw County**, Michigan, and at all material times was a Detective Sergeant at the AAPD, City of Ann Arbor, Michigan.

19. Defendant **Dawn Murphy** is a resident of **Washtenaw County**, Michigan, and at all material times was a Detective Sergeant at the AAPD, City of Ann Arbor, Michigan.

20. Defendant **David Reid** is a resident of **Washtenaw County**, Michigan, and at all material times was a Sergeant at the AAPD, City of Ann Arbor, Michigan.

21. Defendant **Corey Mills** is a resident of **Washtenaw County**, Michigan, and at all material times was a Lieutenant at the AAPD, City of Ann Arbor, Michigan.

22. Defendant **Brandon Knobelsdorf** is a resident of **Washtenaw County**, Michigan, and at all material times was a Lieutenant at the AAPD, City of Ann Arbor, Michigan.

23. Defendant **Michael Cox** is a resident of **Washtenaw County**, Michigan, and at all material times was the Police Chief at the AAPD, City of Ann Arbor, Michigan.

24. Defendant **Sara Higgins** is a resident of **Washtenaw County**, Michigan, and at all material times was the Director of Operations for the City of Ann Arbor, Michigan.

25. Defendant **Loretta Rush** is a resident of **Washtenaw County**, Michigan, and at all material times was an employee of the City of Ann Arbor, Michigan.

26. Defendant **Eli Noam Savit** is a resident of **Washtenaw County**, Michigan, and at all material times was the Prosecuting Attorney for Washtenaw County, Michigan.

27. When the events alleged in this complaint occurred, Defendants were acting within the scope of their employment and under color of law.

28. At all material times, Defendants **Ann Arbor City Hall, Ann Arbor City Police, and Washtenaw County** employed Defendants or were elected municipal and civil officers and are liable for their acts. The County filed misdemeanor charges on Plaintiff in retaliation of Plaintiff exercising his Constitutionally Protected Rights. The actions of all

of the above Defendants are the basis of this complaint, for violation of Plaintiff's Protected Rights.

## COUNT I

### 42 U.S.C. § 1983 – UNLAWFUL RESTRAINT ON THE FREEDOM OF SPEECH

29. Plaintiff incorporates by reference all preceding paragraphs as if fully restated herein.

30. As applied, the TRESPASS was an unlawful restriction on Mr. BARTON'S's right to the freedom of speech as guaranteed by the First Amendment to the United States Constitution because it gave complete and unbridled discretion to ANN ARBOR CITY HALL administrators to determine when Mr. BARTON can address his local government for redress of grievances.

31. As applied, the TRESPASS was not narrowly tailored and does not serve a significant government interest.

32. Defendants acted with deliberate indifference and reckless disregard for Mr. BARTON's First Amendment rights.

33. The policy statements, regulations, or decisions adopted and promulgated by the Defendants were the moving force behind the violations of Mr. BARTON's First Amendment Rights.

34. Defendants' adverse and retaliatory actions caused Mr. BARTON to suffer damages including actual damages, emotional distress, mental anguish, humiliation, and loss of dignity.

## COUNT II

### 42 U.S.C. § 1983 – FIRST AMENDMENT RETALIATION

35. Plaintiff incorporates by reference all preceding paragraphs as if fully restated herein.

36. Mr. BARTON engaged in constitutionally protected activities including, but not limited to, speaking freely, advocating ideas, and petitioning ANN ARBOR CITY HALL for redress of grievances.

37. Defendants took adverse actions against Mr. BARTON including, but not limited to, causing a TRESPASS to be issued and maintained against him and enforcing the criminal trespass warning in an overly broad, arbitrary, and inconsistent manner.

38. By serving Mr. BARTON with the TRESPASS, defendants impermissibly burdened his right to access information, attend public meetings, and participate in the political process as guaranteed by the First Amendment to the United States Constitution.

39. Defendants' issuance, maintenance, and enforcement of the TRESPASS would chill a person of ordinary firmness from continuing to engage in constitutionally protected activities.

40. Defendants' adverse actions were substantially motivated by Mr. BARTON's exercise of constitutionally protected conduct.

41. Defendants acted with deliberate indifference and reckless disregard for Mr. BARTON's Rights as protected by the First Amendment to the United States Constitution.

42. The policy statements, regulations, or decisions adopted and promulgated by the Defendants were the moving force behind the violations of Mr. BARTON's First Amendment Rights.

43. Defendants' adverse and retaliatory actions caused Mr. BARTON to suffer damages including actual damages, emotional distress, mental anguish, humiliation, and loss of dignity.

## COUNT III

## 42 U.S.C. § 1983 – VIOLATION OF DUE PROCESS OF LAW

44. Plaintiff incorporates by reference all preceding paragraphs as if fully restated herein.

45. Issuance of the TRESPASS deprived Mr. BARTON of the above rights without due process of law as guaranteed by the 14th Amendment to the United States Constitution.

46. Mr. BARTON has a liberty interest in directing and participating in self-governance through his elected officials and on public property.

47. Defendants' actions in issuing, maintaining, and enforcing the TRESPASS against Mr. BARTON infringed on his liberty and property interests and violated his right to procedural due process. Defendants failed to provide Mr. BARTON with adequate notice or opportunity to contest the TRESPASS prior to or after its issuance.

48. Defendants' actions in issuing, maintaining, and enforcing the TRESPASS against Mr. BARTON infringed on his fundamental liberty interest and property interests and violated his right to substantive due process. Defendants lacked a rational justification related to a legitimate government interest and acted arbitrarily in issuing, maintaining, and/or enforcing the TRESPASS against Mr. BARTON.

49. As applied, the TRESPASS fails to adequately advise, notify, or inform Mr. BARTON, the person subject to possible criminal prosecution for violation, of its requirements, and is therefore unconstitutionally vague in violation of the due process guarantee of the Fourteenth Amendment to the United States Constitution.

50. Defendants acted with deliberate indifference and reckless disregard for Mr. BARTON's Due Process rights.

51. The policy statements, regulations, or decisions adopted and promulgated by the Defendants were the moving force behind the violations of Mr. BARTON's Fourteenth Amendment Rights.

52. Defendants' actions caused Mr. BARTON to suffer damages including actual damages, emotional distress, mental anguish, humiliation, loss of dignity.

## COUNT IV

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

53. Plaintiff incorporates by reference all preceding paragraphs as if fully restated herein.

54. Defendants' conduct was intentional, and for the purposes of silencing, injuring, and depriving Mr. BARTON of his constitutional rights, as described above.

55. Defendants conduct as outlined above was extreme, outrageous, and of a character not to be tolerated by a civilized society.

56. Defendants conduct as outlined above was for an ulterior motive or purpose.

57. Defendants' conduct resulted in severe and serious emotional distress.

58. As a direct or proximate result, Plaintiff sustained and continues to sustain injuries, including but not limited to physical pain and suffering, mental anguish, embarrassment, humiliation, damage to reputation, disruption of personal life, loss of enjoyment of the ordinary pleasures of living, medical conditions, and other damages known and unknown.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff KARL G. BARTON respectfully requests this Honorable Court to grant the following relief, jointly and severally liable against all Defendants, for all of the reasons set forth in the complaint above:

      a) Actual and compensatory damages, in an amount to be proven at trial, for the abuse and injuries Mr. BARTON so wrongly suffered by Defendants' unlawful, unconstitutional, and unjustified conduct.

      b) Punitive and exemplary damages to the extent allowed by law for Defendants' conduct by evil motive or intent, and/or reckless or callous indifference to Mr. BARTON's rights.

      c) Attorney's fees for Mr. BARTON having to bring this action to vindicate his rights that he was deprived of, pursuant to 42 USC § 1988(b); and,

      d) Interests, costs, and such other and further relief as is just and proper.

Dated: June 14, 2023

                                              Daren A. Wiseley (P85220)
                                              Attorney for Plaintiff
                                              41 ½ E. bacon St.
                                              Hillsdale, MI 49242
                                              517-234-4020
                                              dwise@defendyourrights.law